UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

IVAN NEGRON FUENTES, et al.,

    Plaintiffs,

    v.

UPS SUPPLY CHAIN SOLUTIONS, et al.,

    Defendants.

Civil No. 06-1922 (JAF)

**OPINION AND ORDER**

Plaintiffs, Iván Negrón Fuentes ("Negrón"), Mildred Pérez, their conjugal partnership, and their minor children, Yesenia Verónica and Iván Gabriel Negrón Pérez, bring this action against Defendant United Parcel Services ("UPS") Supply Chain Solutions seeking damages for Defendant's termination of Negrón and Defendant's failure to pay Negrón long-term disability benefits.[1]  Docket Document No. 1-4. Defendant removed the case to federal court on September 18, 2006, on the grounds that the Employee Retirement Income Security Act ("ERISA") preempts several of Plaintiffs' state claims.  Docket Document No. 1-1.  Plaintiffs now move to remand the case to Puerto Rico Commonwealth

---

[1] Plaintiffs subsequently added Defendants Broadspire (formerly Kemper National Service), Prudential Life Insurance, UPS of America, Inc., and UPS Health Care Plan for Puerto Rico.  These Defendants do not join the motion and it does not appear from the record that these Defendants have been served.

court. Docket Document No. 9. Defendant opposes the motion. Docket Document No. 14.

**I.**

**Factual and Procedural History**

We derive the following factual history from the parties' filings. Docket Document Nos. 1-1, 1-8, 1-9, 8-1, 9, 14-1, 17-2, 18-1, 22-2. A full factual history exists in the Puerto Rico district court's order and opinion dated December 1, 2005. Civ. No. 04-1826, Docket Document No. 108. Below we summarize the facts relevant to the present motion.

Negrón began to work for Data General in 1991. In 1998, COMLASA acquired Data General and, as of June 8, 1998, Negrón became a COMLASA employee. Defendant acquired COMLASA in 2001 and Negrón became Defendant's employee as of March 20, 2001.[2] As operations/service manager, Negrón supervised the maintenance of Defendant's computers.

In June 2002 Negrón began to suffer severe headaches for which he received medical treatment. The last day that Negrón attended work was June 27, 2002. On July 2, 2002, he underwent surgery to remove a brain tumor. After the surgery, Negrón suffered from severe

---

[2] Although Plaintiffs claim that Negrón began his employment on March 12, 2001, the district court, which had occasion to rule on aspects of this case during an earlier litigation, found that he began working for UPS SCS on March 20, 2001. Civ. No. 04-1826, Docket Document No. 108. We shall, therefore, treat the district court's findings as the law of this case.

Civil No. 06-1922 (JAF)                                                    -3-

depression and other psychiatric symptoms that prevented him from returning to work indefinitely.

Negrón received short-term disability benefits from Defendant for a period beginning June 27, 2002, and ending June 27, 2003. During this period, Negrón went to Defendant's office several times and found that Defendant had reassigned his desk, boxed his personal effects, given his laptop to Defendant's computer technicians for testing, and delegated some of Negrón's responsibilities to other employees. Negrón interpreted these facts as a constructive discharge by Defendant, and attributed his post-surgical depression to this alleged constructive dismissal.

On April 7, 2003, Negrón applied to Kemper National Service, his disability plan administrator, for long-term disability benefits. He simultaneously applied for Social Security benefits, as required by Kemper. On May 20, 2003, Kemper notified Negrón that he qualified for long-term disability benefits that would end on June 27, 2005. Negrón's right to request reinstatement to his position ended on June 28, 2002. On August 1, 2003, Kemper sent Negrón written notice that, in fact, he would not receive the benefits because the years he worked for Data General did not count towards his eligibility for the long-

Civil No. 06-1922 (JAF)                                                -4-

term disability plan.[3]  On August 8, 2003, the Social Security Administration approved Negrón's benefits.

Plaintiffs filed a complaint against Defendant in Puerto Rico court on June 23, 2004, requesting indemnification for unfair dismissal and compensation for emotional damages Negrón, his wife, and children suffered as a result of the dismissal. Docket Document No. 1-4. Defendant removed the case to federal court on August 12, 2004, where it was assigned to United States District Judge Jaime Pieras, Jr. Civ. No. 04-1826, Docket Document No. 1. Once in federal court, Plaintiffs filed an amended complaint to include additional claims under the American Disabilities Act (ADA) and Puerto Rico law on December 17, 2004, seeking reinstatement, back pay, future pay, and special damages for Negrón, and compensation for emotional damages for his wife and children. Civ. No. 04-1826, Docket Document No. 15. The court dismissed Plaintiffs' ADA claims with prejudice and dismissed Plaintiffs' supplemental claims without prejudice on December 1, 2005. Civ. No. 04-1826, Docket Document No. 108.

After the court dismissed their federal claims, Plaintiffs returned to Puerto Rico court and asked for the reopening of their case on April 3, 2006. Docket Document No. 1-10. The court granted

---

[3]Although Plaintiffs claim that Negrón would have applied for reinstatement to his position had he known that he would not receive the long-term benefits, the district court found in its earlier opinion that Negrón's physicians stated that Negrón would not be capable of returning to work until January 2005 at the earliest. Civ. No. 04-1826, Docket Document No. 108.

Civil No. 06-1922 (JAF)                                              -5-

the motion. Docket Document No. 1-11. Plaintiffs filed an amended complaint in Puerto Rico court on August 23, 2006. Docket Document No. 1-13.

Defendant filed a notice of removal to this court on September 18, 2006, where the case, treated as new, was assigned to the undersigned. Docket Document No. 1-1. On October 18, 2006, Defendant filed an answer to the claim and a counterclaim against Plaintiffs, seeking a permanent injunction enjoining Plaintiffs from reopening their state court case. Docket Document No. 6.

Plaintiffs moved to remand the case to state court on October 18, 2006. Docket Document No. 9. Defendant opposed Plaintiff's motion to remand on November 16, 2006. Docket Document No. 14-1. Plaintiffs replied to Defendant's opposition on November 26, 2006. Docket Document No. 15-2. Defendant surreplied, Docket Document No. 17-2, and Plaintiffs responded to the surreply on December 11, 2006. Docket Document No. 22-2.

**II.**

**Motion to Remand Standard Under 28 U.S.C. § 1447**

28 U.S.C. § 1441(b)(2006) provides the mechanism for removing a state court case to federal court. A case may be removed to federal court "if it presents a 'claim or right arising under the Constitution, treaties or laws of the United States.'" Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004)(citing 28 U.S.C. § 1441(b)). The "presence or absence of federal-question

Civil No. 06-1922 (JAF)                                                -6-

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

A corollary to the well-pleaded complaint rule is the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). If a court finds that "a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

Complete preemption is an exception to the well-pleaded complaint rule and occurs with statutes such as ERISA, where a claim "though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful sweep." Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999)(citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)).

The district court may also exercise supplemental jurisdiction over state claims that are related to claims over which the court has original jurisdiction such "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Once a suit has been removed, 28 U.S.C. § 1447 (2006) "provides for remand if 'the case was removed improvidently and without

Civil No. 06-1922 (JAF)                                              -7-

jurisdiction.'"  Ochoa Realty Corp. v. Faria, 815 F.2d 812, 815 (1st Cir. 1987)(citing 28 U.S.C. § 1447).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court.  28 U.S.C. § 1447(c).

## III.

### Analysis

Plaintiffs' amended complaint contains seven causes of action: (1) a negligence claim under 31 L.P.R.A. § 5141 (2004) for damages to Negrón and his family resulting from Defendant's failure to provide consistent, accurate information about Negrón's eligibility for long-term disability benefits; (2) a constructive dismissal claim under 29 L.P.R.A. § 185(a) (1976); (3) a disability discrimination claim under 1 L.P.R.A. § 501 (1985); (4) a violation of the Non-Occupational Disability Insurance Act, 11 L.P.R.A. § 202 (2006); (5) a violation of the Puerto Rico Constitution, Article II, section 16, L.P.R.A. Const. Art. II, § 16 (2006), guaranteeing rights to employees; (6) a claim that Defendant is estopped from denying Negrón long-term disability benefits; and (7) a claim to recover long-term disability insurance benefits.  Docket Document No. 13.

Defendant removed the case to federal court on the grounds that ERISA preempts claims (1), (6), and (7), and the court may exercise supplemental jurisdiction over the remaining claims.  Docket Document No. 1-1.  Plaintiffs move to remand this case to state court, alleging

Civil No. 06-1922 (JAF)                                              -8-

that ERISA does not create any of their causes of action or, alternatively, that Puerto Rico courts have concurrent jurisdiction over Plaintiffs' ERISA-related claims.[4]  Docket Document No. 9.

Defendant established and maintained an employee benefit plan for the purpose of providing its participants and beneficiaries with benefits in the event of sickness, accident, or disability; the plan is therefore covered by ERISA.  29 U.S.C. § 1002(1) (2007).  ERISA contains a very expansive preemption provision.  29 U.S.C. § 1144(a) ("[T]he provisions of this title . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.").  ERISA also preempts state laws that amount to alternative enforcement mechanisms to ERISA or that present the threat of conflicting and inconsistent regulation that would frustrate the uniform national administration of ERISA plans.  Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 7 (1st Cir. 1999) (citing New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 685 (1995)).

To establish preemption, a defendant must show that the state causes of action fall within the scope of § 502(a) of ERISA, which

---

[4] Plaintiffs also argue that the removal petition is defective because Defendant Prudential is a Puerto Rico resident. Because Defendant does not base removal on diversity jurisdiction and Prudential has yet to be served, this argument fails. Docket Document No. 1-1; 28 U.S.C. § 1441(b)("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties.").

allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B); Danca, 185 F.3d at 5.

We agree with Defendant that ERISA preempts Plaintiffs' first, sixth, and seventh causes of action.  Plaintiffs' first cause of action seeks damages to compensate for Defendant's failure "to provide true and clear information" regarding Negrón's eligibility for benefits and rights to reinstatement.  Docket Document No. 1-13. Plaintiffs demand relief for emotional and physical harm they suffered as a result of the confusion caused by the misinformation provided to them by Defendant.  Id.  A state law tort suit that alleges the improper processing of a claim for benefits under an ERISA-covered plan falls within the scope of § 502(a) and is therefore preempted by ERISA.  Metro Life, 481 U.S. at 66; Danca, 185 F.3d at 5.

Plaintiffs' sixth cause of action, a demand for payment of long-term disability benefits and compensation for the loss of medical benefits under Defendant's plan, seeks to recover benefits and enforce rights allegedly owed under the plan and is therefore preempted by ERISA.  29 U.S.C. § 1132(a)(1)(B).  ERISA also preempts Plaintiffs' seventh cause of action, seeking payment of long-term disability benefits from Defendant's insurance plan.  See Aetna Health Inc., v. Davila, 542 U.S. 200, 217 (2004) ("[E]ven a state law that can

arguably be characterized as regulating insurance will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of . . . ERISA's remedial scheme." (internal quotations omitted)).

We, therefore, find that ERISA preempts Plaintiffs' first, sixth and seventh claims. Plaintiffs' second, third, fourth and fifth claims present questions of Puerto Rico law that arise out of the same controversy as Plaintiffs' preempted claims: Defendant's failure to provide Negrón with long-term disability or reinstatement. This court may therefore exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 273 (1st Cir. 2001) (finding that a district court may exercise supplemental jurisdiction over state claims arising out of a common nucleus of operative facts even after the federal claims have been dismissed).

**IV.**

**Conclusion**

In accordance with the foregoing, we **DENY** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of February, 2007.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge